IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2003 Session

## DONNA GODFREY TAYLOR v. DORIS HOLT

**Appeal from the Chancery Court for Cocke County**
**No. P-3803    Telford E. Forgety, Jr., Chancellor**

**Filed October 31, 2003**

**No. E2003-00901-COA-R3-CV**

Steve Godfrey prepared his last will and testament on his computer and affixed his computer generated signature at the end. He had two neighbors witness the will. Mr. Godfrey died approximately one week later. Doris Holt ("Defendant"), Mr. Godfrey's girlfriend, submitted the will for probate. Donna Godfrey Taylor ("Plaintiff"), Mr. Godfrey's sister, filed a complaint alleging, in part, that the will was not signed and claiming that Mr. Godfrey had died intestate. The Trial Court granted Defendant summary judgment holding there were no undisputed material facts and that all legal requirements concerning the execution and witnessing of a will had been met. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR., J., joined.

William M. Leibrock, Newport, Tennessee, for the Appellant, Donna Godfrey Taylor.

James C. McSween, Jr., Newport, Tennessee, for the Appellee, Doris Holt.

**OPINION**

**Background**

Steve Godfrey ("Deceased") prepared a document in January of 2002, purporting to be his last will and testament. The one page document was prepared by Deceased on his computer. Deceased asked two neighbors, Hershell Williams and Teresa Williams to act as witnesses to the will. Deceased affixed a computer generated version of his signature at the end of the document in the presence of both Hershell and Teresa Williams. Hershell and Teresa Williams then each signed

their name below Deceased's and dated the document next to their respective signatures. In the document, Deceased devised everything he owned to a person identified only as Doris. Deceased died approximately one week after the will was witnessed.

Defendant, Deceased's girlfriend, who lived with Deceased at the time of his death, filed an Order of Probate attempting to admit the will to probate and requesting to be appointed the personal representative of the estate. Defendant also filed affidavits of both Hershell and Teresa Williams attesting to the execution of the will. The affidavits each state that the affiant was a witness to Deceased's last will and testament and that each had signed at Deceased's request in the presence of both Deceased and the other witness. The affidavits both also state: "That the Testator, Steve Godfrey personally prepared the Last Will and Testament on his computer, and using the computer affixed his stylized cursive signature in my sight and presence and in the sight and presence of the other attesting witness . . . ." Further, each affidavit states that the affiant "was of the opinion that the Testator, Steve Godfrey, was of sound mind" at the time the will was witnessed.

Plaintiff, Deceased's sister, filed a complaint alleging, *inter alia*, that she is the only surviving heir of Deceased, that Deceased died intestate, that the document produced for probate was void because it did not contain Deceased's signature, and that Doris Holt has no blood relation or legal relation to the Deceased and should not have been appointed administratrix of Deceased's estate. Defendant filed a motion to dismiss or in the alternative for summary judgment claiming that all of the legal requirements concerning the execution and witnessing of a will under Tennessee law had been met and filed the supporting affidavits of Hershell and Teresa Williams.

The Trial Court entered an order on December 23, 2002, granting Defendant summary judgment. The December order held that all of the legal requirements concerning the execution and witnessing of a will under Tennessee law had been met and held that Defendant was entitled to summary judgment as a matter of law. Plaintiff appeals.

**Discussion**

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in finding that the computer generated signature on the will complied with the legal requirements for the execution of a will, and, thus, erred in granting Defendant summary judgment; and, 2) whether an alleged beneficiary under a will should be allowed to receive benefits from the estate even though the will refers to the beneficiary only by her first name. We will address each issue in turn.

As our Supreme Court has instructed:

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is

confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

Tenn. Code Ann. § 32-1-104 addresses the requisite formalities for the execution and witnessing of a will in Tennessee and states:

The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:

(1) The testator shall signify to the attesting witnesses that the instrument is his will and either:
> (A) Himself sign;
> (B) Acknowledge his signature already made; or
> (C) At his direction and in his presence have someone else sign his name for him; and
> (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.
> (2) The attesting witnesses must sign:
> > (A) In the presence of the testator; and
> > (B) In the presence of each other.

Tenn. Code Ann. § 32-1-104 (1984)[1]. The definition of "signature" as used in the statute is provided by Tenn. Code Ann. § 1-3-105, which states: "As used in this code, unless the context otherwise requires: . . . 'Signature' or 'signed' includes a mark, the name being written near the mark and witnessed, or any other symbol or methodology executed or adopted by a party with intention to authenticate a writing or record, regardless of being witnessed." Tenn. Code Ann. § 1-3-105(27) (1999).

We begin by considering whether the Trial Court erred in finding that the computer generated signature on the will complied with the legal requirements for the execution of a will, and, thus, erred in granting Defendant summary judgment.

Plaintiff claims that the will was not signed. Plaintiff's brief argues "there is no indication of any type or nature that there was a mark of any type made by the testator." Plaintiff cites to *Sunderland v. Bailey (In Re: Estate of Wait)*, a 1957 case in which this Court found that "the testatrix may have made a mark of some sort, either an initial or one or more letters of her signature, on the will but she clearly indicated that she did not consider such mark or marks to constitute her signature." *Sunderland v. Bailey (In Re: Estate of Wait)*, 306 S.W.2d 345, 348 (Tenn. Ct. App. 1957). The witnesses in *Estate of Wait* testified that the testatrix had stated to them when the will was witnessed that she could not sign the will at that time, but would sign it later. *Id*. at 347. The *Wait* testatrix actually signed the will a day or two after it was witnessed. *Id*.

The *Wait* testatrix stated to the witnesses that she did not consider any mark to be her signature and this is borne out by the fact that she later signed the will. The *Wait* Court did not "find it necessary or proper . . . to rule whether or not a testator may legally sign a will by mark." *Id*. at 348. Rather, the Court upheld the determination that the will was not entitled to probate based upon the fact that the will was not executed and witnessed in conformity with the statute. *Id*. at 349.

The situation in *Estate of Wait* is dissimilar to the instant case. In the case at hand, Deceased did make a mark that was intended to operate as his signature. Deceased made a mark by

---

[1] The statutes quoted in this Opinion are the versions in effect at the time of Deceased's death.

using his computer to affix his computer generated signature, and, as indicated by the affidavits of both witnesses, this was done in the presence of the witnesses. The computer generated signature made by Deceased falls into the category of "any other symbol or methodology executed or adopted by a party with intention to authenticate a writing or record," and, if made in the presence of two attesting witnesses, as it was in this case, is sufficient to constitute proper execution of a will. Further, we note that Deceased simply used a computer rather than an ink pen as the tool to make his signature, and, therefore, complied with Tenn. Code Ann. § 32-1-104 by signing the will himself.

Defendant made a properly supported motion for summary judgment claiming there were no disputed issues of material fact and that Defendant was entitled to judgment as a matter of law. Defendant supported this assertion with the affidavits of Hershell and Teresa Williams, the witnesses to the will, attesting to the circumstances surrounding the execution of the will. As Defendant made a properly supported motion, the burden shifted to Plaintiff to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. Plaintiff failed to do this. Plaintiff produced a letter that Plaintiff's appellate brief claims "set out a very different picture of [Deceased's] feelings towards [Defendant]." However, this letter has absolutely no relevance as to whether the will was properly executed and witnessed. Plaintiff failed to set forth specific facts establishing the existence of disputed, material facts regarding the execution of the will which must be resolved by the trier of fact.

There are no disputed material facts and, as discussed above, Defendant is entitled to judgment as a matter of law because the will was executed and witnessed in conformity with the statute. Thus, we hold that the Trial Court did not err in holding that the legal requirements for the execution and witnessing of a will had been met.

The other issue Plaintiff raises concerns whether an alleged beneficiary under a will should be allowed to receive benefits from the estate even though the will refers to the beneficiary by first name, but fails to state the beneficiary's last name. The will devises everything Deceased owned to someone named Doris, but fails to give a last name for Doris. Plaintiff apparently raises an issue regarding whether the Doris named in the will is the Defendant.

The Trial Court based its decision to grant summary judgment upon whether the will in question met the statutorily prescribed elements to be a valid last will and testament. The Trial Court did not consider or decide whether the Doris named in the will is the Defendant as this issue is not germane to whether the will was properly executed and witnessed in conformity with Tennessee law. We agree. Defendant was entitled to summary judgment because the will was properly executed and witnessed in conformity with Tennessee law. The identification of the beneficiary has no bearing on the dispositive issue before the Trial Court of whether this was Deceased's validly executed and witnessed last will and testament. We affirm the grant of summary judgment.

**Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Donna Godfrey Taylor, and her surety.

_____
D. MICHAEL SWINEY, JUDGE