IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2011 Session

IN RE ESTATE OF THOMAS GRADY CHASTAIN

Appeal by Permission from the Chancery Court for Polk County
No. P-933    Jerri S. Bryant, Chancellor

No. E2011-01442-COA-R9-CV-FILED-DECEMBER 28, 2011

We granted the application of June Chastain Patterson ("the Proponent"), which sought permission to appeal an order of the trial court holding, as a matter of law, that the "will" of Thomas Grady Chastain ("the Deceased") was not executed in compliance with Tenn. Code Ann. § 32-1-104 (2007).  The Deceased signed the affidavit of attesting witnesses on September 4, 2004, which affidavit was attached to the purported will of the same date; he also initialed the bottom of the first page of the "will," but did not sign the second page of the two-page "will."  The Proponent appeals.  We reverse.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court
Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., joined.  D. MICHAEL SWINEY, J., filed a separate dissenting opinion.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellant, June Chastain Patterson.

George McCoin, Cleveland, Tennessee, for the appellees, Trent Chastain, Adrian Chastain, Jamie Chastain Mann, Dana Chastain, Phillip Chastain, Amanda Chastain, Grady Patterson, Kari Patterson, Carter Mann and Shylee Mann.

**OPINION**

I.

A.

The Deceased died on November 6, 2009. Approximately six months later, his daughter, the Proponent, filed a petition to be appointed administrator of her father's estate. On August 24, 2010, the Proponent filed with the court the document that purports to be the "Last Will and Testament" ("the Will") of the Deceased.

The Will identifies the Proponent as the Deceased's "only surviving child" and names her as the primary personal representative. Other than specific gifts to the Deceased's grandchildren and great-grandchildren ("the Contestants") of "my knife collection" and "any insurance monies left over when my bills have been paid," the Will leaves everything to the Proponent.

The Contestants moved the court to declare the Will invalid for lack of an effective signature as prescribed by Tenn. Code Ann. § 32-1-104. The Proponent and the Contestants submitted to the trial court the question of whether the Will was "signed by the testator" reserving all other issues as to the "validity" of the Will. We have reproduced, in photocopy form, those portions of the document that arguably pertain to whether the Will was signed by the Deceased, namely:

1. The first paragraph of "page 1" of the Will – which document is labeled as a "Last Will and Testament":

I, *Thomas Grady Chastain* a resident of *Polk* County, *Tennessee* do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking any and all Wills and Codicils heretofore made by me.

2. The Deceased's initials, along with the initials of the witnesses, at the bottom of page 1:

Initials: _____  _____  _____  _____  9.4.09
         Testator  Witness  Witness  Witness  Date

-2-

3. The bottom one-half of "page 2" that bears the signature of the witnesses and an unfilled-in space that is preceded by the language, "[t]he foregoing instrument was on said date subscribed at the end thereof by":

IN WITNESS WHEREOF I declare this to be my Last Will and Testament and execute it willingly as my free and voluntary act for the purposes expressed herein and I am of legal age and sound mind and make this under no constraint or undue influence, this 4th day of September, 2004 at Ducktown State of TN

The foregoing instrument was on said date subscribed at the end thereof by

_____, the above named Testator who signed, published, and declared this instrument to be his/her Last Will and Testament in the presence of us and each of us, who thereupon at his/her request, in his/her presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto. We are of sound mind and proper age to witness a will and understand this to be his/her will, and to the best of our knowledge testator is of legal age to make a will, of sound mind, and under no constraint or undue influence.

Sammy J. Ware        residing at Ducktown TN, 37326
Missy Taylor         residing at Copperhill, TN 37317
Aneer Curtis         residing at Ducktown, TN 37326

The unfilled-in space in the document is interesting. It seems plausible to us that this space was intended to contain the Deceased's *printed name* and not his signature. If this is the case – and we believe it is – then the second page simply fails to have a line for the Deceased's signature. We believe this bolsters our position, hereinafter stated, that the Deceased signed the aforesaid affidavit intending to sign the Will.

The document, as filed, had a third page attached that bears the Deceased's signature. We have reproduced that page in its entirety, again in photocopy form:

-3-

## Self-Proved Will Affidavit
### (attach to Will)

STATE OF _____*TN*_____

COUNTY OF _____*Polk*_____

I, the undersigned, an officer authorized to administer oaths, certify that *Thomas Grady Chastain*, the testator and *Jimmy Ware, Missy Taylor*, and *Nilea ____ Curtis*, the witnesses, whose names are signed to the attached or foregoing instrument and whose signatures appear below, having appeared before me and having been first been duly sworn, each then declared to me that: 1) the attached or foregoing instrument is the last will of the testator; 2) the testator willingly and voluntarily declared, signed, and executed the will in the presence of the witnesses; 3) the witnesses signed the will upon the request of the testator, in the presence and hearing of the testator and in the presence of each other; 4) to the best knowledge of each witness, the testator was, at the time of signing, of the age of majority (or otherwise legally competent to make a will), of sound mind and memory, and under no constraint or undue influence; and 5) each witness was and is competent and of proper age to witness a will.

_____*Thomas G Chastain*_____ (Testator)

_____*Tammy J Ware*_____ (Witness)

_____*Missy Taylor*_____ (Witness)

Subscribed and sworn to before me by *Thomas Grady Chastain* the testator, who is (personally) known to me or who has produced _____ as identification, and by *Jimmy Ware, Missy Taylor, Nilea Curtis*, a witness, who is personally known to me or who has produced *personally known* as identification, and by *Jimmy Ware, Missy Taylor, Nilea Curtis* witness, who is personally known to me or who has produced *Carl M Gree* as identification, this _*4th*_ day of *Sept*, 20_*02*.

_____*Carl M Gree*_____

Notary or other officer

My Commission Expires July 10, 2005

-4-

B.

The court ruled in favor of the Contestests for the following expressed reasons:

> The Court finds that Tennessee requires strict compliance in the execution of wills. The Court finds that the initials on the first page are not a signature. The Court finds that page two of the document contains no writing of [the Deceased]. Page three may or may not contain writing of [the Deceased]. The Court finds there is nothing to authenticate until there is a will. There is no signature by [the Deceased]. Therefore, the Court holds that the four corners of these documents do not make a will.

II.

As previously noted, we granted the Proponent's request, made pursuant to Tenn. R. App. P. 9, for an interlocutory appeal of the trial court's order. The issues raised by the Proponent, restated slightly, are as follows:

> Whether the Will was signed in accordance with Tenn. Code Ann. § 32-1-104.

> Whether we should treat the affidavit attached to the Will as part of the Will pursuant to the doctrine of integration.

III.

The trial court held that neither the signature on the affidavit nor the initials on the first page could, as a matter of law, qualify under Tenn. Code Ann. § 32-1-104, as the execution of the Will. We review this determination of law *de novo*, with no presumption of correctness. ***In re Angela E.***, 303 S.W.3d 240, 246 (Tenn. 2010).

IV.

The execution of a non-holographic will is governed by Tenn. Code Ann. § 32-1-104 which states:

> The execution of a will, other than a holographic or noncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:

(1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:

> (A) The testator sign;

> (B) Acknowledge the testator's signature already made; or

> (C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and

> (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.

(2) The attesting witnesses must sign:

> (A) In the presence of the testator; and

> (B) In the presence of each other.

Compliance with the statute is mandatory. ***Eslick v. Wodicka***, 215 S.W.2d 12, 15 (Tenn. Ct. App. 1948).

The Proponent asserts that the Deceased's initials on the first page of the Will satisfies the statute. It is true that a person can sign a will by simply making a mark or affixing a symbol. ***Taylor v. Holt***, 134 S.W.3d 830, 833 (Tenn. Ct. App. 2003)(*citing* Tenn. Code Ann. § 1-3-105 (1999)). However, the testator must intend that the mark, or symbol, will substitute for his or her signature. ***Id***. An actual signature affixed to a document at a time later than the scheduled execution of a will was held to be "overwhelming proof" that the testator's initials were *not* intended to serve as her signature. *See* ***Sunderland v. Bailey (In re Wait's Estate)***, 306 S.W.2d 345, 349 (Tenn. Ct. App. 1957). The same can be said for the initials in the present case. Everything about the Will reflects that the Deceased was capable of signing his name in front of witnesses and that he intended to do that rather than simply initialing the document. Accordingly, we reject this argument of the Proponent.

We now turn our attention to whether the Deceased's signature on the affidavit should be given effect or, as the trial court held, must be ignored. We hold that the signature on the affidavit satisfies the statute. The notarized affidavit establishes that the Deceased appeared

at the same time and in the same place as the two witnesses and the notary; that he declared the document to which the affidavit was attached to be his will; that he signed the affidavit next to the designation "testator" in the presence of the witnesses; that the witnesses signed the will and the affidavit at the designation "witness" at the request of the Deceased; and that the witnesses swore to their own competence and that of the Deceased[1]. Much of this is corroborated by the initials of the Deceased and the witnesses on page 1 of the Will. Thus, assuming, for the moment, that the signature on the affidavit can be considered, the affidavit, prima facie, satisfies the statute. *See*, Pritchard, *Wills and Administration of Estates*, Article I, §§ 202-221 (2007).

It is clear to us that the Deceased intended his signature on the affidavit to be his signature on the Will. In our view, the only question of substance is whether the *position* of the Deceased's signature on an attached document that he thought to be part of the Will defeats its intended effect. To "protect the right of testamentary disposition of property," we should sustain the execution as valid if we can do so consistent with the statute. **Leathers v. Binkley**, 264 S.W.2d 561, 563 (Tenn. 1954); **Sunderland**, 306 S.W.2d at 348.

There is much to be learned from **In re Estate of Jones**, 314 S.W.2d 39 (Tenn. Ct. App. 1957) even though **Jones** involved a holographic will. In that case, the deceased had signed a typewritten will on March 7, 1932, in the presence of two attesting witnesses. Then, "sometime after January 26, 1952," she decided, "I have nothing much to leave anyone but want Loretta to have everything." *Id*. at 340-41. Thus, she simply wrote her holographic will on the page that bore her earlier 1932 signature before the two witnesses without adding a new signature. The holographic material was just two sentences: the one that named Loretta as the beneficiary and another that listed the assets of the deceased. *Id*. The trial court found that the deceased's signature was genuine and intended to subscribe to a holographic will that left the entire estate to Loretta. *Id*. at 342. Nevertheless, the trial court held that "since the signature . . . was written by decedent on March 7, 1932, it is, therefore, a separate writing and can not be a signature to or for said holographic will which was written . . . after January 26, 1952." *Id*. (capitalization omitted). We reversed the trial court and ordered that the "script be admitted to probate." *Id*. at 347.

We reached this holding through the answer to three questions. First, is it necessary that a testator's signature appear at a particular place in the will? *Id*. at 344. For a holographic will, the answer is in the negative; the signature need not be at the end of the will versus any other placement. *Id*. The same is true for a witnessed will. Tenn. Code Ann. § 32-1-104 is silent concerning where the signature must appear. *See* Pritchard § 205 ("Neither

---

[1]We are not holding that anything on the affidavit is conclusive proof. We are only holding that the signature on the affidavit satisfies the statute.

the Acts 1784 embodied in former T.C.A. § 32-109 nor the Tennessee Execution of Wills Act of 1941 contain[s] any provision as to the part of the will at which such signature must appear.")(footnote omitted).

The second question in ***Jones*** was whether the unexpected and unusual form of the paper upon which the signature appeared defeats its intended purposes. ***Id***. Again, the answer was in the negative. Not even the typewritten leftovers from the earlier witnessed will defeated the holograph will. They were immaterial to the intended effect of the script. ***Id***. The signature of the attesting witnesses, though normally not required for a holographic will, were treated as "witnesses to the signature or the name of the testator in his handwriting as convincingly as if he had appeared before the witnesses and acknowledged this signature which had been made by him prior to that time." ***Id***. at 345. Unless there is some reason to treat a witnessed will or the presence of a piece of paper that was not numbered as part of the will differently, we believe that the same answer should be given in the present case. The answer to that question, for a witnessed will, is found at Pritchard § 206:

> Where a will is written on several detached sheets of paper, it is not necessary that each sheet be signed separately by the testator, although this is frequently done. A written sheet not signed by him, but connected by its sense and dependence on another sheet that is signed and attested properly, will be considered a part of the will if all the sheets were produced at the time of the attestation.
>
> Whether all the sheets were attached at the time of the signing, or whether there had been a subsequent fraudulent addition to the instrument, is a question of fact for the jury. In the absence of inherent or extrinsic evidence to the contrary, it will be presumed that all the sheets on which the will was written are produced, and that they were all together when the will was executed. . . .

***Id***. (footnotes omitted); *see* ***Gass' Heirs v. Gass' Ex'rs***, 22 Tenn. 278, 285 (1842). If an unsigned sheet can be incorporated into a will based on circumstances indicating it was intended to be part of the will, we think it even more compelling to incorporate the only signed page as part of the will when the circumstances indicate that the Deceased intended his signature on the "separate" page to be his signature on the Will.

The third and dispositive question in ***Jones*** was, "Did [the deceased] intend her name as written at a prior date by her to be her signature to the script?" ***Id***. at 346. The answer to that question was in the affirmative, just as the answer to a similar question in the present case

should be in the affirmative. The question to which we allude is, "Did [the Deceased] intend his signature on the affidavit to be his execution of the Will?" We believe, and so hold, that the answer is "Yes." The Deceased and the witnesses all appeared on September 4, 2004, before the same notary to execute a will. They all initialed "page 1" of the Will at the bottom. The witnesses signed "page 2" but the Deceased did not. They all signed the affidavit on September 4, 2004, and they recited the matters necessary to give the Will prima facie effect, provided the separate page is treated as part of the Will. We have accepted that it is and should be.

The Contestants rely on *In re Estate of Stringfield*, 283 S.W.3d 832 (Tenn. Ct. App. 2008) for the proposition that a testator's signature on an affidavit cannot be treated as a valid execution of the Will. There are several very important differences between *Stringfield* and the present case. The missing signatures in *Stringfield* were those of the attesting witnesses. *Id*. at 832. These witnesses initialed the first page, and their names were typed on the last page, but they did not sign the last page. We recognized, correctly, that Tenn. Code Ann. § 32-1-104 gives more "latitude" to testators than to witnesses. *Id*. at 836. Witnesses must sign the will in the presence of the testator and of each other. *Id*. It is of crucial importance that, in *Stringfield*, the will was signed by the testator on January 15, 2007, but the affidavit was signed by the witnesses "after January 15, 2007." *Id*. at 833. There was no showing that the witnesses signed "[i]n the presence of the testator" as they must under Tenn. Code Ann. § 32-1-104. *Id*. at 837. We adhere to our holding in *Stringfield* but now hold that it does not answer the question of whether a testator's signature on an affidavit executed in the presence of the witnesses can be treated as his execution of his will.

We do not reach the question of whether we should adopt the doctrine of integration followed in some jurisdictions. That doctrine is consistent with our holding in the sense that it treats an affidavit as integrated into the will in order to sustain its validity. *See In re the Purported Last Will and Testament of Carter*, 565 A.2d 933, 936 (Del. 1989); 95 C.J.S. *Wills* § 241 (2011). We think the better approach on the facts before us are charted by *Jones*, 314 S.W.2d at 347, being that "a genuine valid signature needs no integration." It is clear that the Deceased appeared in the presence of the witnesses, and declared that he was executing his will. Then, in the presence of the witnesses and the notary, with them looking on, he signed the one-page affidavit attached to the two-page will thinking he was signing the Will and with the intent of signing the Will. We hold that his signature is valid and effective under Tenn. Code Ann. § 32-1-104.

V.

The order of the trial court holding that the Will was not signed by the Deceased in accordance with Tenn. Code Ann. § 32-1-104 is reversed. Costs on appeal are taxed to the

appellees, Trent Chastain, Adrian Chastain, Jamie Chastain Mann, Dana Chastain, Phillip Chastain, Amanda Chastain, Grady Patterson, Kari Patterson, Carter Mann and Shylee Mann. This case is remanded, pursuant to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE