Yvonne COMO, Appellant,

v.

CITY OF BEAUMONT, TEXAS, Appellee.

No. 09–10–00192–CV.

Court of Appeals of Texas, Beaumont.

Submitted on March 3, 2011.

Decided Aug. 31, 2011.

Scott Newar, Houston, for appellant.

Quentin D. Price, First Asst. City Atty., Beaumont, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

On motion for rehearing, we withdraw our Opinion of June 2, 2011, and substitute this Opinion. We reverse in part the trial court's order granting the appellee's plea to the jurisdiction and remand the appellant's state and federal takings claims to the trial court.

This is an appeal from the trial court's dismissal of a suit based on a city's claim of sovereign immunity. The City of Beaumont declared Yvonne Como's commercial building a public nuisance and condemned the property. Como did not challenge the condemnation by filing a writ of certiorari, but she sued the City more than one year after the City demolished the building. The trial court granted the City's plea to

the jurisdiction. On appeal, Como contends that the trial court erred in dismissing her claims for lack of subject matter jurisdiction.

## Standard of Review

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004). When the plea to the jurisdiction challenges the pleadings, we construe the plaintiff's pleadings liberally to determine if the petition alleges facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* at 226. Dismissal is appropriate if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 227. If the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *Id.* In reviewing the evidence presented in support of the plea to the jurisdiction, we take as true all evidence favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.* at 226. If the evidence creates a fact question regarding jurisdiction, the plea to the jurisdiction must be denied and the fact issue will be resolved by the factfinder. *Id.* at 228. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## Alleged and Undisputed Facts

Como alleged that she purchased the property located at 1685 Park in 1999 and sold the property in 2003. In May 2006, Como foreclosed on the property for nonpayment after the structure on the property sustained damage during Hurricane Rita. The jurisdictional evidence reflects that as of 2006, the taxable appraised value for improvements was $19,650. In August 2006, Como contracted for the removal of debris and to remove a damaged garage. In September 2006, the structure on Como's property was one of one hundred structures the City declared to be nuisances and ordered them demolished; however, the City failed to notify Como of the hearing. *See* Beaumont, Tex., Ordinance 06–065 (Sept. 26, 2006).

In December 2006, the City notified Como that the commercial structure on her property was vacant, neglected, deteriorated, and dilapidated. The City warned her that unless she enrolled the structure in a work program, it might be demolished in accordance with a city ordinance. On March 5, 2007, Como received notice that the City had reinspected the property and found that the structure was unrepaired. The City also notified Como of a Dilapidated Structure Public Hearing scheduled on March 20, 2007.

On March 13, 2007, Como requested, in writing, that the City provide her with a copy of the City's file, including reports and evaluations that had been made following the City's inspection of the property. On March 16, 2007, Como notified the City that she would not attend the hearing, and she stated the City was treating her differently than the owners of similarly situated property.

On March 20, 2007, the City Council passed Ordinance 07–027, deferring action on the structure on Como's property for at least forty-five days, during which time the City required Como to secure the structure. *See* Beaumont, Tex., Ordinance 07–027 (March 20, 2007). On March 22, 2007, the City notified Como that it had passed Ordinance 07–027.

On April 30, 2007, Como received a notice of appraised value from the Jefferson County Appraisal District that valued the

improvements to Como's property at $245,980. On May 8, 2007, based on the City's reinspection, the City notified Como that the structure remained in disrepair. The City also notified Como of a Dilapidated Structure Public Hearing scheduled for May 29, 2007. On May 24, 2007, Como responded, explaining that she disagreed the structure on her property could be defined as a dangerous structure under the applicable ordinances. Como explained that her disagreement, in part, was based on the appraisal district's valuation of the improvements as well as its rating of the structure as being in "Fair" condition.

On May 29, 2007, the City Council passed Ordinance 07–058, declaring eighty-eight structures to be public nuisances and condemning them. Como's structure was included as a condemned structure in this ordinance. *See* Beaumont, Tex., Ordinance 07–058 (May 29, 2007). A notice in June 2007, warned Como to remove personal property from the structure. The City issued a demolition permit for Como's structure on December 4, 2007, began demolition in December 2007, and completed demolition in January 2008.

In April 2009, Como sued the City for demolishing her structure. Como alleged that she filed her petition to exhaust any procedures required by Texas law to obtain post-deprivation remedies for the destruction of her property before she initiated a claim seeking relief under federal law. Como's petition, as of the date the trial court dismissed her claims, asserts eight claims: (1) a state law Article I, Section 17 "takings" claim; (2) a state law Article I, Section 3 Equal Protection claim; (3) a state law Article I, Section 3a Equal Rights Amendment claim; (4) a state law Texas Public Information Act claim for failing to make public information available for inspection within ten days; (5) a feder-

al law Fifth Amendment Just Compensation Clause claim that Como asserts is actionable through 42 U.S.C. Section 1983; (6) a federal law Fourth Amendment wrongful seizure claim that Como asserts is actionable through 42 U.S.C. Section 1983; (7) a federal law Fourteenth Amendment Equal Protection claim alleging racial discrimination that Como asserts is actionable through 42 U.S.C. Section 1983; and (8) a federal law Fourteenth Amendment Equal Protection claim alleging disparate treatment that Como asserts is actionable through 42 U.S.C. Section 1983. *See* U.S. Const. amends. IV, V, XIV; Tex. Const. art. I, §§ 3, 3a, 17; 42 U.S.C.A. § 1983 (West 2003). On appeal, Como abandoned her claims under Article I, Section 3 and Article I, Section 3a of the Texas Constitution. *See* Tex. Const. Art. I, §§ 3, 3a.

### State Takings Claim

■■■ Como contends that her pleadings allege jurisdictional facts sufficient to state a valid claim for inverse condemnation. Generally, " '[i]nverse condemnation' occurs when property is taken, damaged, or destroyed for public use without process or without proper condemnation proceedings, and the property owner attempts to recover compensation." *Patel v. City of Everman,* 179 S.W.3d 1, 7 (Tex.App.-Tyler 2004, pet. denied) (*Patel I* ). We note, however, that "[a] city is not required to make compensation for losses occasioned by the proper and reasonable exercise of its police power." *City of College Station v. Turtle Rock Corp.,* 680 S.W.2d 802, 804 (Tex.1984).

■■■ A municipality may, by ordinance, require the demolition of a dilapidated building that is a hazard to the public's health, safety, and welfare. *See* Tex. Loc. Gov't Code Ann. § 214.001(a)(1) (West Supp.2010). In this case, the City exer-

cised its police power through the enactment of a series of ordinances, ending with an order to demolish Como's structure. *See* Beaumont, Tex., Ordinance 07–058 (May 29, 2007). By statute, Como had the right to seek judicial review of the City's order by filing a verified petition for writ of certiorari within thirty days of the date on which the City served her with its final decision to demolish the structure. *See* Tex. Loc. Gov't Code Ann. § 214.0012(a) (West 2008). Generally, when a city has determined that a building constitutes a public nuisance, the city's administrative determination may be challenged by a judicial review for substantial evidence. *See Patel v. City of Everman,* No. 2–07–303–CV, 2009 WL 885916, *6 (Tex.App.-Fort Worth Apr. 2, 2009, pet. filed) (mem. op.) (*Patel II* ). In *Patel II,* the landowner filed a petition for certiorari with the district court within thirty days of the administrative decision, but later nonsuited that action and filed an inverse condemnation suit. *Id.* at *1–2. On review from the granting of a summary judgment, the Court of Appeals held that the landowner's failure to pursue judicial review of the prior administrative decision collaterally estopped the landowner from challenging the City's action in a suit for inverse condemnation. *Id.* at *7.

▇ Como argues that a judicial challenge by writ of certiorari is not a prerequisite for an inverse condemnation suit. After we initially issued an opinion affirming the trial court, the Texas Supreme Court held: "[N]uisance determinations must ultimately be made by a court, not an administrative body." *City of Dallas v. Stewart,* —— S.W.3d ——, —— (Tex. 2011). Based on the Texas Supreme Court's recent pronouncement in *Stewart,*

we conclude that whether Como's property constituted a nuisance cannot be finally determined in an administrative procedure and the City's administrative determination that Como's property was a nuisance does not prohibit the trial court from determining whether the administrative body correctly decided the nuisance issue. *See id.,* at ——.

▇ The City argues that Como's failure to exhaust her administrative remedies precludes her takings claim from becoming ripe. The City demolished the structure on Como's property pursuant to Ordinance 07–058, and Como did not seek a substantial evidence review of that ordinance.[1] *See* Tex. Loc. Gov't Code Ann. § 214.0012; Beaumont, Tex., Ordinance 07–058. Although the City demolished the structure based on the exercise of its police power, and Como could have, but did not, avail herself of her right to challenge the City's decision, the administrative-level decision to demolish Como's property does not preclude Como from seeking a de novo review of that decision in a constitutional suit. *See Stewart,* at ——.

In its ripeness argument, the City relies on *City of Dallas v. VSC, LLC,* —— S.W.3d —— (Tex.2011). However, the Texas Supreme Court held that the statute at issue in that case provided an adequate procedure by including a right to de novo review. *Id.* at ——. In contrast, *Stewart* held that the substantial evidence review under section 214.0012 provided inadequate protection of the property owner's constitutional rights. *Stewart,* at ——. While a court may find that the City acted in the exercise of its police power, we conclude that the question concerning whether Como's property constituted a

---

1. Como's reply brief reiterates that "Ms. Como has not asserted that Beaumont ordinance 07–058 is unconstitutional[.]"

nuisance cannot be finally resolved through a plea to the jurisdiction. *See id.* at ———– ————. Accordingly, the claim that Como asserts under the Takings Clause must be remanded to the trial court.

Federal Fifth Amendment Takings Claim

■■■ Como also challenges the trial court's dismissal of her federal "takings" claim. *See* U.S. Const. amends. V, XIV. Generally, the Fifth Amendment's Just Compensation Clause grants to a landowner the right to seek compensation for land taken by the State. U.S. Const. amend. V ("[N]or shall private property be taken for public use, without just compensation."). Nevertheless, not every State action in taking property violates the Just Compensation Clause. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (In a zoning case, landowner's federal taking and due process claims were not ripe because the landowner had not sought a variance). Compensation is generally not required when the State takes property to protect the public's safety and health. The United States Supreme Court has stated: "The power which the states have of prohibiting such use by individuals of their property, as will be prejudicial to the health, the morals, or the safety of the public, is not, and, consistently with the existence and safety of organized society, cannot be, burdened with the condition that the state must compensate such individual owners for pecuniary losses they may sustain, by reason of their not being permitted, by a noxious use of their property, to inflict injury upon the community."

*Mugler v. Kansas*, 123 U.S. 623, 669, 8 S.Ct. 273, 31 L.Ed. 205 (U.S.1887).

If the City's taking occurred based on a valid exercise of its police power, Como is not entitled to obtain compensation under the Just Compensation Clause. *See Bennis v. Michigan*, 516 U.S. 442, 452, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996) ("The government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain.") "Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n. 22, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987). However, Como would be entitled to compensation if the City tore down a structure that was not, in fact, a nuisance.

The City argues that Como's failure to exhaust her administrative remedies precludes her Just Compensation Clause claim from becoming ripe. The trial court dismissed Como's federal takings claim with prejudice. A dismissal with prejudice is proper under circumstances where the pleadings cannot be amended to cure jurisdictional defects. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004). Until Como's state takings claim is resolved, we cannot determine whether Como has a claim under the Just Compensation Clause. Thus, we conclude that the trial court erred in dismissing the claim with prejudice.

Federal Fourth Amendment Claim

■■■ Como contends her pleadings state a claim against the City for violating the Fourth Amendment because the City seized her property without a warrant.

*See* U.S. Const. amend. IV. In her brief, Como relies on a case that employed a Fourth Amendment analysis, but the case Como cites was later superseded by an en banc rehearing of a panel decision. *See Freeman v. City of Dallas*, 242 F.3d 642 (5th Cir.2001) (en banc) (*Freeman II* ); *Freeman v. City of Dallas*, 186 F.3d 601, 605 (5th Cir.1999) (*Freeman I* ). The panel's decision held that a demolition of property was a seizure that required a judicial warrant based on probable cause notwithstanding the presence of local condemnation procedures satisfying due process. *See Freeman I*, 186 F.3d at 605. The Fifth Circuit, sitting en banc, distinguished protection against an unregulated search from a situation where "the evidence of municipal code violations had already been obtained by means unchallenged by the landowners, and the administrative adjudication of noncompliance has occurred." *Freeman II*, 242 F.3d at 651. The court noted that the landowners had the benefit of two hearings after which there remained the possibility of state court review. *Id.* "Because the Dallas nuisance standards are straightforward and the administrative procedure is adequate, these property owners' expectation of privacy in the nuisance structures after the remedial orders became final was severely diminished." *Id.* at 653.

The pleadings and jurisdictional evidence established that the City of Beaumont utilized the procedure authorized by Section 214.001 of the Local Government Code. Because the City's evidence that the structure violated the City's municipal code was obtained by means unchallenged by Como, we hold that the City's failure to obtain a judicial warrant before seizing Como's property is not actionable under the Fourth Amendment. Therefore, we conclude that the trial court did not err in dismissing Como's Fourth Amendment claim.

### Federal Due Process Claim

■ Como contends she stated a viable claim for damages under the Due Process Clause of the Fourteenth Amendment. *See* U.S. Const. amend. XIV. Como relies upon *Kinnison v. City of San Antonio*, 727 F.Supp.2d 548, 566 (W.D.Tex.2010). In *Kinnison*, the city demolished a structure without providing notice to Kinnison, the mortgagee. *Id., see also Kinnison v. City of San Antonio*, 699 F.Supp.2d 881, 884–85 (W.D.Tex.2010). The city argued that prior notice is not constitutionally required when exigent circumstances justify immediate action. 727 F.Supp.2d at 566. The court rejected the city's argument that exigent circumstances precluded pre-deprivation notice because the record showed that city officials had attempted to contact the person listed as the owner of the property, a person other than Kinnison, in the week between the inspection of the property and final approval for demolition. *Id.* at 567. Although the city attempted to contact the record owner, the city failed to provide contemporaneous notice to Kinnison of the city's intent to demolish the structure. *Id.* at 567. In the absence of notice to Kinnison, the court granted summary judgment in favor of Kinnison and held that the city had violated his due process rights. *Id.* at 567, 570–71.

In contrast to the jurisdictional evidence before the trial court in *Kinnison*, the jurisdictional evidence in this case reflects that Como received notice on December 19, 2006, of the City's intent to declare the structure a public nuisance and to require its repair. Additionally, Como's petition reflects that she received notices of the City's intent to demolish the structure before the City demolished the structure. Moreover, Como did not assert a Fourteenth Amendment Due Process claim based on a lack of notice of the condemna-

tion proceedings. If Como's live pleading is interpreted to assert a claim under the Due Process Clause of the Fourteenth Amendment, we conclude the trial court did not err in dismissing the claim. The jurisdictional evidence shows that the City gave Como sufficient notice of its intended actions before demolishing the structure it had determined constituted a nuisance. .

### Federal Equal Protection Claim

■ Como alleged two federal Equal Protection claims. First, she alleged that the City denied her equality of the law with respect to the condemnation and demolition of the structure on the basis of her race, African–American. Como also alleged that the City treated her differently from other persons similarly situated without any rational basis.

■ The second of these claims essentially alleges selective enforcement of the City's ordinances regarding abatement of nuisances. However, when the classification in issue is not one affecting fundamental personal rights or one that is based on inherently suspect classifications such as race, under-inclusivity alone is not sufficient to state an equal protection claim. In this case, the classification—a structure the City determined to be a public nuisance—is a classification that is rationally related to a legitimate state objective: public safety. See Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1079 (5th Cir.1989). " 'The conscious exercise of some selectivity in enforcement [or prosecution] is not in itself a federal constitutional violation.' " Allred's Produce v. U.S. Dep't of Agric., 178 F.3d 743, 748 (5th Cir.1999) (quoting Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)). A person asserting a selective enforcement claim must prove that the government official's acts were motivated by improper considerations such

as race. Beeler v. Rounsavall, 328 F.3d 813, 817 (5th Cir.2003). However, Como failed to meet her burden by presenting jurisdictional evidence sufficient to raise a fact dispute showing that the City's motivations toward Como were improper.

With respect to Como's other claim of racial discrimination, the City argues that Como's pleading fails to assert a race-based equal protection claim. Como's live pleading identifies four properties that she contends were treated differently than the City's treatment of her property, but Como neither pleaded nor presented jurisdictional evidence to identify the race of any of the persons who owned the four properties allegedly treated differently. Additionally, in its motion to dismiss, the City challenged Como's conclusory allegation that her property had been treated differently than the other properties Como claimed had received better treatment. The City provided evidence about these other four properties. Three of the lots were held by the same or related entities. Two of the three lots held by this owner were declared nuisances. The City ordered one of these properties to be enrolled in a work program or demolished, and the other was ordered demolished. See Beaumont, Tex., Ordinance 06–079 (Dec. 5, 2006). See Beaumont, Tex., Ordinance 09–032 (June 2, 2009). The City conceded that the third property held by this owner was not declared a nuisance.

The fourth property was jointly owned by two people, and their racial identities are not identified in the record. The City passed an ordinance declaring the structure on the fourth property a nuisance and ordered it demolished. See Beaumont, Tex., Ordinance 07–105 (Oct. 2, 2007). Thus, contrary to Como's claim alleging that other properties had been given more favorable treatment, the jurisdictional evidence allowed the trial court to conclude

the owners of the other properties, like Como, were subjected to orders requiring them to repair or demolish structures on their respective properties.

In summary, Como claimed that her property was subjected to the City's exercise of police power based on her race. To support her claim, Como alleged that she was treated differently than the owners of four other properties. Assuming that Como could have amended her pleadings to allege that the owners of these four other properties are members of a race other than African–American, the jurisdictional evidence reflects that these owners were subjected to orders declaring their structures nuisances and requiring the structures to be repaired or demolished. Based on Como's pleadings and the jurisdictional evidence, we conclude the trial court did not err in dismissing Como's disparate treatment claims.

### State Public Information Act Claim

■ Como contends that she maintains a viable claim against the City under the Texas Public Information Act ("TPIA"). Como alleged that the City violated Section 552.001 of the Government Code by failing to make public information available for her inspection within ten days of the City's receipt of her request. *See* Tex. Gov't Code Ann. §§ 552.001, 552.221 (West 2004). In connection with this claim, Como sought declaratory relief and a writ of mandamus ordering the City to make available for public inspection all documents requested by Como in her March 13, 2007, request for the City's file. *See* Tex. Gov't Code Ann. § 552.321 (West 2004); Tex. Civ. Prac. & Rem.Code Ann. § 37.004 (West 2008). The City provided the information on May 20, 2009, two days before the City filed its answer to Como's suit. On appeal, the City argues that Como's TPIA claim is moot.

While the City's response to Como's written request of March 13, 2007, was not timely, Como received the documents she requested. Because the City complied with Como's request, and Como makes no claim she was damaged by the City's delayed response, further declaratory and mandamus relief is now moot. *See Kessling v. Friendswood Indep. Sch. Dist.,* 302 S.W.3d 373, 384–85 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (trial court did not err in dismissing claims regarding fulfilled TPIA requests). We hold the trial court did not err in dismissing Como's TPIA claim, but we reform the order and dismiss Como's TPIA claim as moot.

### Opportunity to Amend

■ The trial court dismissed Como's case with prejudice. "In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect." *Sykes,* 136 S.W.3d at 639. We must distinguish a case in which the plaintiff has failed to allege sufficient jurisdictional facts from a case where plaintiff's pleadings and the jurisdictional evidence affirmatively show that all of the plaintiff's factual complaints concern a matter in which the defendant retains immunity from suit. *Tex. Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002). If the pleaded facts and the evidence demonstrate that it is impossible for a plaintiff to amend its pleadings to invoke the trial court's jurisdiction, the suit must be dismissed. *Id.* at 867–68. Thus, where the plaintiff's pleadings affirmatively negate the existence of jurisdiction, the trial court may grant the plea to the jurisdiction without providing the plaintiff with an opportunity to amend its pleadings. *Miranda,* 133 S.W.3d at 227. A dismissal with prejudice is appropriate only if the pleading deficiency cannot be cured. *Tex.*

*A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 846 (Tex.2007).

■ Como's Fourth Amendment and Due Process claims are affirmatively negated by the pleadings and the evidence before the trial court. The jurisdictional evidence affirmatively shows that any seizure by the City occurred pursuant to an ordinance passed by the City Council after notice and public hearing, a procedure authorized by Section 214.001 of the Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 214.001. Trial courts do not err by dismissing with prejudice claims incapable of being cured by the filing of an amended pleading. *See Koseoglu,* 233 S.W.3d at 846.

Como's Third Amended Petition also asserts Equal Protection claims, which Como filed ten months after the City filed its plea to the jurisdiction and five days before the trial court dismissed the case. In this pleading, Como asserts the City denied her equality of the law on the basis of her race, and Como contends the City treated her differently from other similarly situated persons. Como's Third Amended Petition alleges that the City's "decision to condemn and demolish Ms. Como's property but to refrain from contemporaneously condemning and/or demolishing similarly situated structures—including, but not limited to, those located at 1505 Park, 1596 Park, 1885 Park and 2002–2010 Park, Beaumont, Texas—was based, in whole or in part, on Ms. Como's race, African–American." Assuming the owners of the identified properties are not African–American, the pleadings and the evidence submitted to the trial court on the plea to the jurisdiction establish that the City passed nuisance ordinances and ordered the demolition of property belonging to these owners as well. The lack of disparate treatment is evident from the record and allowing Como to amend her claims as

her claims relate to these four properties would not allow Como a chance to plead facts sufficient to affirmatively demonstrate the trial court possesses jurisdiction over Como's Equal Protection claims. We conclude that Como's Equal Protection claims were properly dismissed with prejudice.

The remaining question is whether the trial court erred by failing to give Como an opportunity to amend her allegation that she was treated less favorably than other owners who were not identified in her Third Amended Petition. The jurisdictional evidence before the trial court showed that properties belonging to unidentified property owners were among the 416 properties the City declared to be dilapidated structures over the course of six hearings. Although Como alleged that the four properties she specifically mentioned in her petition comprised an inclusive list of similarly situated structures, neither her petition nor her responses to the trial court identify any other property supporting her claim that she was disparately treated.

When the City demonstrated that the owners of the four properties Como identified were not treated differently, the burden shifted to Como to plead facts or produce jurisdictional evidence demonstrating the existence of a bona fide fact issue on her disparate treatment claim. "[A]fter the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiff[ ], when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Miranda,* 133 S.W.3d at 228. We conclude that Como failed to plead or to present jurisdictional evidence demonstrating the existence of

disputed material facts regarding her Equal Protection claims.

■ We further conclude that Como was given ample opportunity to amend her pleadings with respect to her Equal Protection claims. The trial court conducted two hearings on the plea to the jurisdiction. At the conclusion of the first hearing, on July 1, 2009, the trial court suggested that Como clarify her pleadings in an amended petition. On October 8, 2009, the trial court conducted a second hearing. Como's Second Amended Petition was her live pleading at that time. Como did not ask for an opportunity to replead, but the parties submitted supplemental responses. Como filed her Third Amended Petition shortly before the trial court ruled on the plea to the jurisdiction and she did not file a post-judgment request to amend her pleadings. On appeal, Como has not argued that the trial court should have provided her with additional opportunities to amend her pleadings.

■ "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Sykes*, 136 S.W.3d at 639. In *Sykes*, the intermediate appellate court reformed the trial court's order granting a plea to the jurisdiction to reflect a dismissal without prejudice. *Sykes v. Harris Cnty.*, 89 S.W.3d 661, 667–68 (Tex.App.-Houston [1st Dist.] 2002, pet. granted), *rev'd*, 136 S.W.3d 635 (Tex.2004). The Supreme Court noted that Sykes had amended her petition to state her theory with greater particularity after the county filed its plea to the jurisdiction. *Sykes*, 136 S.W.3d at 639. The Supreme Court held that the trial court's dismissal with prejudice was proper "because a plaintiff

should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

Additionally, the Texas Supreme Court in *Koseoglu* considered a case where the trial court had denied a plea to the jurisdiction and the university appealed. 233 S.W.3d at 837. The intermediate appellate court reversed and remanded the case to the trial court so that Koseoglu could amend his pleadings. *Tex. A & M Univ. Sys. v. Koseoglu*, 167 S.W.3d 374, 383–84 (Tex.App.-Waco 2005, pet. granted), *rev'd in part*, 233 S.W.3d 835 (Tex.2007). The university argued for a dismissal with prejudice, but the Court of Appeals reasoned that Koseoglu had not had a reasonable opportunity to amend his pleadings because the plea to the jurisdiction had been denied by the trial court. *Id.* at 383. In the Supreme Court, the university relied upon *Sykes* to support its position that the intermediate appellate court erred in failing to dismiss the case with prejudice. *Koseoglu*, 233 S.W.3d at 839. The Supreme Court "generally agree[d]" with the intermediate appellate court's conclusion that Koseoglu had not been given a reasonable opportunity to amend his pleadings, but determined that Koseoglu's pleading defect could not be cured. *Id.* The court reversed the intermediate appellate court's remand order and dismissed the claims with prejudice. *Id.* at 846.

Like *Sykes*, Como amended her petition after the City showed that Como had not received disparate treatment from that received by the owners of the properties she identified in her petition. Como neither changed the factual allegations of her Equal Protection claim nor requested leave to further amend her pleadings. Like *Koseoglu*, it does not appear that Como's pleading defects can be cured. Under these circumstances, we conclude that Como received a sufficient opportuni-

ty to amend her pleadings and the trial court's dismissal of her claims "with prejudice" was appropriate.

### Conclusion

Como is entitled to a de novo judicial review of her constitutional takings claims; therefore, the trial court erred in dismissing with prejudice Como's state and federal takings claims. We hold that Como's Texas Public Information Act claim is moot, and that the trial court did not err in dismissing Como's remaining claims for lack of subject matter jurisdiction. Accordingly, we reverse, in part, the order granting the plea to the jurisdiction and remand the state and federal takings claims to the trial court; we reform the order to reflect that Como's Texas Public Information Act claim is dismissed as moot; and in all other respects, the trial court's order of dismissal is affirmed.

AFFIRMED AS REFORMED IN PART; REVERSED AND REMANDED IN PART.