

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00405-CV
_____

BEVERLY BRAZEE, APPELLANT

V.

CITY OF SPUR, APPELLEE

On Appeal from the 110th District Court
Dickens County, Texas
Trial Court No. 4539; Honorable Les Hatch, Presiding

June 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Beverly Brazee, appeals from the trial court's order denying her writ of mandamus seeking to require the disclosure of documents by Appellee, City of Spur. In support, Brazee asserts the trial court erred by (1) denying her request for a writ of mandamus, (2) finding her request was moot while her request for attorney's fees and litigation expenses remained pending, and (3) failing to grant her reasonable attorney's fees and litigation expenses. We affirm.

## BACKGROUND

This case involves the Public Information Act (PIA)[1] with its genesis arising from two information requests made by Brazee, owner/operator of The Turnaround Café, to the City. On October 17, 2011, Brazee requested information related to complaints against the Café or Brazee, customer service inspection certificates, inspection reports, correspondence, contracts and licenses/certifications held by Sonny Campbell, the City's superintendent. On November 15, Brazee made a second request seeking records of a City council meeting on November 15, including minutes, a voice recording, and a copy of City rules and ordinances addressing who may perform customer service inspections.

On November 21, the City responded to Brazee's requests by enclosing tapes of the council meeting and a copy of a city ordinance. The City secretary's response stated as follows:

> I have been unable to compile the information you requested at the previous meeting. It will take a while to gather the information and make copies. Please let me know if you are still needing the items that were listed. I have been trying to close our year end accounting and preparing for the auditor's visit so it would be helpful if I can send this information later.

Brazee did not respond. Instead, on February 27, 2012, she filed a *Petition for Writ of Mandamus*[2] asserting the City failed to comply with either request and requested

---

[1] *See* TEX. GOV'T CODE ANN. §§ 551.001-552.353 (West 2012 & West Supp. 2013). Throughout the remainder of this memorandum opinion, provisions of the Texas Government Code will be cited as "section ____" or "§ ____."

[2] *See* § 552.321(a).

that the trial court order the production of certain information listed in her petition.[3] In addition, Brazee sought to recover her reasonable attorney's fees and litigation expenses.[4]

On March 12 and April 4, the City provided Brazee with documents responsive to her requests. On July 24, the trial court held a hearing on Brazee's petition. During the hearing, Brazee did not seek any relief with respect to the production of documents. Rather, her attorney stated as follows, "Therefore, your Honor, the only issue that I believe is the issue, in this case, at this point in time, given the deemed admissions and all the other facts that I believe are undisputed, is how much the Plaintiff will recover in litigation expenses." Brazee's attorney asserted she had "substantially prevailed" in the litigation because, after the petition was filed, the City produced documents responsive to her requests.

On July 24, the trial court issued its *Order Denying Mandamus Relief* wherein the trial court determined that the City had complied with Brazee's requests for information and that she did not "substantially prevail" and denied her request for attorney's fees. On August 20, the trial court filed its *Findings of Fact and Conclusions of Law*, at Brazee's request, finding the City had fully and completely complied with her requests and she did not substantially prevail in the litigation because the claims in her petition were mooted by the City's voluntary, complete compliance. This appeal followed.

---

[3] Specifically, Brazee requested that the City make available documents related to complaints made against the Café or Brazee; responses to complaints made against the Café or Brazee; customer service inspection certificates dated on or after January 1, 2011; reports of inspections conducted by all employees of the [City] on or after January 1, 2011; letters dated on or after January 1, 2011, sent to business customers concerning customer service inspections; contracts with Campbell; and licenses and certifications held by Campbell.

[4] *See* § 552.323.

3

Brazee asserts there is legally insufficient evidence in the record that the City has "fully and completely complied" with her information requests. She also contends the trial court erred in finding her claim for attorney's fees and litigation expenses moot and should have awarded fees and expenses totaling $14,608. We disagree.

**Standard of Review**

Under the PIA, once the requested information is presumed to be subject to required public disclosure due to an agency's failure to make a timely request for an Attorney General opinion, § 552.302,[5] a party requesting information may seek a writ of mandamus to compel the release of that information. § 552.321; *See Doe v. Tarrant Co. Dist. Attorney's Office,* 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2008, no pet.). An action for writ of mandamus initiated in the trial court is a civil action subject to appeal just like any other civil suit. *Id.* (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991)). Accordingly, although pled as a mandamus action, we do not employ the abuse of discretion standard applicable to original proceedings in the appellate courts. *Id.* Instead, we review the trial court's findings of fact and conclusions of law in accordance with the standards generally applicable to a trial court's findings and conclusions in any civil matter. *Id.* (citing *Anderson*, 806 S.W.2d at 794 n.2).

That is, unchallenged findings of fact are binding on the appellate court unless the contrary is established as a matter of law or there is no evidence to support the

---

[5] The City did not make any request of the Attorney General.

finding; *Bob Montgomery Chev., Inc. v. Dent Zone Cos.,* 409 S.W.3d 181, 187 (Tex. App.—Dallas 2013, no pet.), and the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex. 2003). We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is not more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied,* 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999).

**Issue One**

Brazee asserts there is a complete absence of evidence to establish that the City "fully and completely complied" with her information requests. At the hearing, the City's attorney offered the March and April 2012 disclosures as evidence that the City had responded to Brazee's requests. At that time, her attorney did not dispute whether the City had made full disclosure of the requested documents and, instead, represented that the sole issue at the hearing was attorney's fees and litigation expenses. Therefore, we find there was sufficient evidence at the hearing from which the trial court could infer that the City had fully and completely complied with her requests without the necessity for testimony parroting the statute's language. Brazee's first issue is overruled.

**Issue Two**

Although Brazee sufficiently pled an attorney's fees claim under PIA section 552.323(a), we agree with the trial court that she did not meet the statute's requirement of "substantially prevailing" on her PIA mandamus claim.[6]  Section 552.323(a)'s "substantially prevail" requirement incorporates the concept of a "prevailing party." *Tex. State Bd. of Veterinary Med. Examiners v. Giggleman,* 408 S.W.3d 696, 703 (Tex. App.—Austin 2013, no pet.).  Adopting federal jurisprudence, the Texas Supreme Court has held that a plaintiff does not "prevail" for purposes of qualifying for attorney's fees unless it obtains (1) judicially sanctioned "relief on the merits" of its claim that (2) "materially alters the legal relationship between the parties."  *Intercontinental Group P'ship v. KB Home Lone Star, L.P.,* 295 S.W.3d 650, 653-54 (Tex. 2009).  This requires "an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."  *Id.* at 654.  A judgment "is critical to the prevailing-party determination," *id.* at 656, and a plaintiff does not become a "prevailing party" merely because the defendant voluntarily changes its conduct in a manner mooting the controversy.  *Giggleman,* 408 S.W.3d at 704 (citing *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598, 605-06, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).

Applying these principles to the record here, we observe the trial court's final judgment denied Brazee any relief on the merits of her mandamus claim.  In fact, her mandamus claim, including her claim for attorney's fees and litigation costs, was

---

[6] Section 522.323(a) provides that, in an action brought under section 552.321, "the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails . . . ."

rendered moot before final judgment when the City produced the requested documents to her, obviating any justiciable controversy regarding her entitlement to the writ of mandamus. *See Giggleman,* 408 S.W.3d at 704; *Como v. City of Beaumont,* 345 S.W.3d 786, 796 (Tex. App.—Beaumont 2011), *rev'd on other grounds and dism'd,* 381 S.W.3d 653 (Tex. 2012); *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 384 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding trial court did not err in dismissing claims regarding fulfilled PIA requests).

Because Brazee did not "substantially prevail" on her PIA mandamus claim as a matter of law, and that claim was rendered moot prior to the entry of a final judgment, her accompanying claim for attorney's fees under section 552.323(a) was likewise rendered moot. *See Giggleman,* 408 S.W.3d at 706; *Como,* 345 S.W.3d at 796; *Kessling,* 302 S.W.3d at 384. *See also Gattis v. Duty,* 349 S.W.3d 193, 201-02 (Tex. App.—Austin 2011, no pet.). Consequently, the district court lacked subject matter jurisdiction to award attorney's fees on that basis. *See Kessling,* 302 S.W.3d at 383-84. Brazee's second issue is overruled. Having determined Brazee is not entitled to the recovery of attorney's fees and expenses, her third issue is pretermitted. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Quinn, C.J. concurring in the result only.

7