**In re The ESTATE OF Mattie E. STRINGFIELD.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

June 17, 2008 Session.

Aug. 4, 2008.

Order Denying Petition to Rehear Aug. 22, 2008.

Permission to Appeal Denied by Supreme Court Feb. 17, 2009.

Louis Hofferbert, Knoxville, Tennessee, Attorney/Appellant.

Bruce Hill, Knoxville, Tennessee, for the Appellee, Doris Powers.

### OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

This appeal involves whether a will was properly executed as required by Tenn. Code Ann. § 32–1–104. The statute requires the attesting witnesses to "sign" the will in the presence of the testator and in the presence of each other. The witnesses to the will in the present case initialed the first two pages of the will. On the third and final page, the names of the witnesses were typed onto the will, as opposed to actually being signed by the witnesses. The witnesses also provided affidavits of attesting witnesses pursuant to Tenn.Code Ann. § 32–2–110. The Trial Court held that the will was not properly executed. We hold that initialing the first two pages and providing affidavits of attesting witnesses pursuant to Tenn.Code Ann. § 32–2–110 is insufficient to comply with the explicit requirements of Tenn.Code Ann. § 32–1–104 that the witnesses sign the will. The judgment of the Trial Court that the will was not properly executed is, therefore, affirmed.

### Background

On January 15, 2007, Mattie Stringfield (the "Decedent") executed a last will and

testament (the "Will"). Pursuant to that Will, attorney Louis Hofferbert ("Hofferbert") was named as the executor. The Decedent died in March of 2007 at the age of 88. In May of 2007, Hofferbert filed a petition for letters testamentary. The Decedent's daughter, Doris Powers ("Daughter"), filed an Objection to Probate of Will. According to the objection:

> The petitioner moves that the decedent's estate be administered as an intestate estate, in that the will that has been submitted failed to comport with the statutory requirements relative to witnesses signing the will. Neither witness signed the will, rendering it invalid under T.C.A. § 32–1–104. . . .

Hofferbert responded to the objection, arguing that the Will was properly executed and, if it was not, any claimed deficiency was not significant enough to render the Will invalid. Although Hofferbert acknowledged that the witnesses had not actually signed the last page of the Will, they had, nevertheless, initialed the first two pages of the Will and their names were typed onto the third and last page of the Will. Hofferbert also asserted that the witnesses had furnished "Affidavits of Witnesses to Prove Will of Testatrix" pursuant to Tenn.Code Ann. § 32–2–110 and these affidavits were sufficient to satisfy the requirements of both Tenn.Code Ann. § 32–2–110 and Tenn.Code Ann. § 32–1–104.

The issue as to the validity of the Will was referred to a Special Master. Following a hearing, the Special Master issued a report recommending that the Will be probated. According to the Special Master:

> Attorney Louis Hofferbert appeared at the hearing in support of his petition which is to admit the original paperwriting dated January 15, 2007, . . . to probate as the decedent's will and to serve as executor as nominated under the will. The decedent's son, Robert Stringfield,

appeared at the hearing in support of the petition. Attorney Bruce Hill appeared at the hearing on behalf of the decedent's daughter, Doris Powers, who objects to the admission of the paperwriting to probate. The objection focuses on the use of affidavits submitted by the attesting witnesses . . . executed after January 15, 2007 to authenticate the will and the use of the "Affidavit of Witnesses to Prove Will of Testatrix" executed on January 15, 2007 as the attestation by the two (2) witnesses required by T.C.A. § 32–1–104 as the attesting witnesses names on the document are typed as attesting witnesses, not signed by the witnesses. . . . It appears that the underlying purpose of the objection is to prevent the petitioner from being appointed executor as nominated under the will document since the decedent's son and daughter will be the sole beneficiaries in this estate administration whether the will is admitted to probate or not.

> For purposes of this report as requested by the parties, and under the circumstances of the execution of the will, the Clerk and Master credits the authority and reasoning set forth in the Petitioner's Response to the Objection to Probate of Will and finds and reports that the will complies with T.C.A. § 32–1–104 and that proper affidavits of witnesses have been executed and filed pursuant to T.C.A. § 32–2–110. The Clerk and Master makes this recommendation notwithstanding the witnesses names are typed on page 3 and notwithstanding page 4 is not numbered. The Clerk and Master finds that under the circumstances, the decedent intended to die testate and intended to appoint someone other than [her] children to administer this estate and that the formalities of execution of the will were followed. Therefore the Clerk and Master recom-

mends that the will be admitted to probate and that the petitioner be appointed executor. . . .

Following entry of the Special Master's report, Daughter filed an objection to that report. In December of 2007, the Trial Court entered an order sustaining Daughter's objection to the Special Master's report. According to the Trial Court:

This matter came to be heard . . . on the [Daughter's] Objection to Master's Report regarding the Estate of Mattie Stringfield. The [Daughter] previously filed an Objection to Probate of Will and a Motion for Judgment on the Pleadings that was heard before the Master on September 13, 2007, whereby she contends that the will submitted for probate should not be admitted to probate because of improper execution. The Master recommended that the will be admitted to probate and Mr. Louis Hofferbert be appointed administrator.

After consideration of the pleadings in this case, including memoranda of law submitted by the parties, oral argument, and the record as a whole, the court finds that the last will and testament of Mattie Stringfield was not properly executed in that the two attesting witnesses failed to sign the will. The court finds that the mere appearance of the witnesses' names in typed form on the will do not meet the requirements of T.C.A. § 32–1–104.

It is therefore ORDERED that the [Daughter's] Objection to Master's Report is sustained and remanded to the Master to recommend appointment of a personal representative. The will offered to probate is disallowed, and this matter is to proceed as an intestate estate.

Following entry of the above order, Hofferbert filed an appeal and raises the following issue: "As a matter of law, may an affidavit executed pursuant to T.C.A. § 32–2–110 and attached to a decedent's will be utilized as the witnesses' attestation to that will?"

### Discussion

■ The issue raised in this appeal involves statutory interpretation and presents a question of law. With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The statutes at issue in this case are Tenn.Code Ann. §§ 32–1–104 (2007) and 32–2–110 (2007). These statutes provide:

**32–1–104. Will other than holographic or nuncupative.**—The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:

(1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:

(A) The testator sign;

(B) Acknowledge the testator's signature already made; or

(C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and

(D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.

(2) The attesting witnesses must sign:

(A) In the presence of the testator; and

(B) In the presence of each other.

**32–2–110. Affidavit of witnesses to prove will.**—Any or all of the attesting witnesses to any will may, at the request of the testator or, after the testator's death, at the request of the executor or

any person interested under the will, make and sign an affidavit before any officer authorized to administer oaths in or out of this state, stating the facts to which they would be required to testify in court to prove the will, which affidavit shall be written on the will or, if that is impracticable, on some paper attached to the will, and the sworn statement of any such witness so taken shall be accepted by the court of probate when the will is not contested as if it had been taken before the court.

This Court discussed our primary goal in matters involving statutory construction in *State ex rel. Irwin v. Mabalot,* No. M2004–00614–COA–R3–CV, 2005 WL 3416293 (Tenn.Ct.App. Dec.13, 2005), *no appl. perm. appeal filed.* We stated:

> The primary rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *LensCrafters, Inc. v. Sundquist,* 33 S.W.3d 772, 777 (Tenn.2000). Courts must do so without unduly restricting or expanding a statute beyond its intended scope. *In re C.K.G., C.A.G., & C.L.G.,* 173 S.W.3d 714, 721–22 (Tenn. 2005). To determine legislative intent, one must look to the natural and ordinary meaning of the language used in the statute itself. We must examine any provision within the context of the entire statute and in light of its over-arching purpose and the goals it serves. *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000); *Cohen v. Cohen,* 937 S.W.2d 823, 828 (Tenn.1996); *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC,* 93 S.W.3d 861, 867 (Tenn.Ct.App.2002). The statute should be read "without any forced or subtle construction which would extend or limit its meaning." *National Gas Distributors, Inc. v. State,* 804 S.W.2d 66, 67 (Tenn.1991). Statutes relating to the same subject matter or having a common purpose are to be construed together. *In re C.K.G., C.A.G., & C.L.G.,* 173 S.W.3d at 722.
>
> As our Supreme Court has said, "[w]e must seek a reasonable construction in light of the purposes, objectives, and spirit of the statute based on good sound reasoning." *Scott v. Ashland Healthcare Center, Inc.,* 49 S.W.3d 281, 286 (Tenn.2001), citing *State v. Turner,* 913 S.W.2d 158, 160 (Tenn.1995). Courts must look to a statute's language, subject matter, objective or purpose, and the wrong it seeks to remedy or prevent. *In re C.K.G., C.A.G., & C.L.G.,* 173 S.W.3d at 722. Courts are also instructed to "give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." *Tidwell v. Collins,* 522 S.W.2d 674, 676–77 (Tenn.1975); *In re Estate of Dobbins,* 987 S.W.2d 30, 34 (Tenn.Ct.App.1998). Courts must presume that the General Assembly selected these words deliberately, *Tenn. Manufactured Housing Ass'n. v. Metropolitan Gov't.,* 798 S.W.2d 254, 257 (Tenn.App.1990), and that the use of these words conveys some intent and carries meaning and purpose. *State v. Levandowski,* 955 S.W.2d 603, 606 (Tenn.1997); *Tennessee Growers, Inc. v. King,* 682 S.W.2d 203, 205 (Tenn.1984).

*Mabalot,* 2005 WL 3416293, at *6.

This Court has long held that:

> The conditions under which property may be transferred by will in this state may be prescribed by legislative enactment. Compliance with such prescribed conditions is essential to the execution of a will. *Allen v. Huff,* 9 Tenn. 404; *Epperson v. White,* 156 Tenn. 155, 299 S.W. 812, 57 A.L.R. 601; *Fann v. Fann,* 186 Tenn. 127, 208 S.W.2d 542; *Fransioli v. Podesta,* 21 Tenn.App. 577, 113 S.W.2d 769.

*Lawrence v. Lawrence,* 35 Tenn.App. 648, 250 S.W.2d 781, 783 (1952). *See also In re Estate of Wait,* 43 Tenn.App. 217, 306 S.W.2d 345 (1957) (will not admitted to probate where the testatrix, although declaring the instrument to be her last will and testament, did not sign the document on the day the attesting witnesses signed, but signed the will later without either attesting witness present); *Ball v. Miller,* 31 Tenn.App. 271, 214 S.W.2d 446, 450 (1948) ("Certain acts required in the execution of wills we view as mandatory and an instrument does not attain the character admissible to probate unless and until they are performed.").

More recently, in *Estate of Archer,* 1989 WL 67198 (Tenn.Ct.App. June 21, 1989), this Court discussed the mandatory requirements of Tenn.Code Ann. § 32–1–104 as follows:

> Appellants argue that the word "sign" as found in § 32–1–104(2) does not require that the witness himself sign the instrument in the presence of other attesting witnesses, but rather requires no more formality than that required of the testator himself; i.e., the witness could sign himself, acknowledge his signature already made, or at his direction and in his presence have someone else sign his name for him. We disagree with appellants' assertion.

\* \* \*

Again assuming arguendo that Mrs. Calvin's transcription of her name in the purported codicil constitutes a signature, the execution of the codicil does not comply with the requirements of T.C.A. § 32–1–104(2). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *City of Caryville v. Campbell County,* 660 S.W.2d 510 (Tenn.App. 1983); *Plough, Inc. v. Premier Pneumatics, Inc.,* 660 S.W.2d 495 (Tenn.App. 1983). The conditions under which property may be transferred by will is prescribed by legislative enactment, and compliance with such prescribed conditions is essential to the proper execution of a will. *Eslick v. Wodicka,* 31 Tenn. App. 333, 338, 215 S.W.2d 12, 15 (1948); *Pritchard on the Law of Wills and Administration of Estates,* § 191 (H. Phillips & J. Robinson 4th ed.1983).

Although prior to the passage of the Tennessee Execution of Wills Act, Chapter 125 of the Public Acts of 1941, Tennessee did not require that the attesting witnesses subscribe in the presence of each other, *see e.g. Long v. Mickler,* 133 Tenn. 51, 179 S.W. 477 (1915), the Execution of Wills Act of 1941 sets out explicit requirements for the valid execution of a will. Under the present statute, T.C.A. § 32–1–104, which has not significantly changed since its initial enactment in 1941, the testator is given an alternative as to how he subscribes his name on a will. He may sign the will, or acknowledge his signature already made, or at his direction and in his presence have someone else sign his name for him. However, as pointed out by the *Eslick* court, no such latitude is given to witnesses. "Under the plain, unambiguous terms of the statute, the attesting witnesses 'must sign ... [i]n the presence [of] the testator and ... [i]n the presence of each other'; not acknowledge their signatures already made." *Eslick,* 31 Tenn.App. at 339–40, 215 S.W.2d at 15. The *Eslick* court, erasing any doubt about what is required of attesting witnesses, said:

> The fact that the legislature gave the testator the alternative of signing himself or acknowledging his signature already made in the presence of attesting witnesses, and did not give such alternative to the witnesses, clearly shows that the legislature never intended for the witnesses to a will to be allowed to sign separately and

then acknowledge in the presence of a testator and in the presence of each other that such signatures already made were their signatures.

*Id.* at 340, 215 S.W.2d at 15.

*Estate of Archer,* 1989 WL 67198, at *2–3.

 Returning to the present case, the relevant statute clearly and unmistakably requires attesting witnesses to *sign the will* in the presence of the testator and in the presence of each other. Tenn.Code Ann. § 32–1–104. This did not occur in the present case when the witnesses initialed the first two pages of the Will and their names were then typed onto the last page of the Will. Supplying an affidavit of attesting witnesses pursuant to Tenn.Code Ann. § 32–2–110 does not operate either to negate or satisfy the requirements of Tenn.Code Ann. § 32–1–104. If we were to hold as Hofferbert suggests, we would, in essence, be re-writing the statute and making what was once mandatory now permissive. In order to give effect to the intention of the General Assembly and giving the words "must" and "sign" their natural and ordinary meaning, we conclude that Tenn.Code Ann. § 32–1–104 is not complied with when the names of the attesting witnesses are simply typed onto a will and the witnesses do not sign the will. This is so regardless of whether the witnesses initialed other pages of the will and supplied affidavits pursuant to Tenn.Code

Ann. § 32–2–110. The judgment of the Trial Court is, therefore, affirmed.

### *Conclusion*

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are taxed to the Appellant, Louis Hofferbert, and his surety, if any.

### ORDER ON PETITION FOR REHEAR

The Appellant, Louis Hofferbert, has filed a Petition to Rehear pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure. The Appellant claims that this Court improperly gave priority to statutory language over testamentary intention. We find, contrary to the Appellant's insistence, that our Opinion does not improperly prioritize the statutory language. As we stated in our Opinion, "[i]f we were to hold as [Appellant] suggests, we would, in essence, be re-writing the statute and making what was once mandatory now permissive." We adhere to that holding. Appellant's Petition to Rehear is DENIED. Cost related to this Petition to Rehear are assessed to the Appellant, Louis Hofferbert.