IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2011 Session

## IN RE ESTATE OF THOMAS GRADY CHASTAIN

**Appeal by Permission from the Chancery Court for Polk County**
**No. P-933      Jerri S. Bryant, Chancellor**

**No. E2011-01442-COA-R9-CV-FILED-DECEMBER 28, 2011**

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from the majority's Opinion.  I believe that the answer to the issue of "Whether the Will was signed in accordance with Tenn. Code Ann. § 32-1-104" is a simple no.  The majority, however, strives mightily to arrive at a conclusion that the Testator's signature on a document other than the purported Will somehow satisfies the statutory requirement that the Testator signed the purported Will.

The only instrument or document signed by the Testator, the "Self-Proved Will Affidavit," clearly shows by its own language that it is a separate instrument from that of the purported Will.  The first line names the document as a "Self-Proved Will Affidavit."  The second line tells what to do with that document, i.e., "(attach to Will)," which shows that the purported Will is a separate document intended to be attached to the Self-Proved Will Affidavit.  The single page Self-Proved Will Affidavit refers more than once to the purported Will as an attached or separate document.  For instance, the Self-Proved Will Affidavit states, "the witnesses whose names are signed to the attached or foregoing instrument [the purported Will] … each then declared …."  The Self-Proved Will Affidavit also states that "the attached or foregoing instrument [the purported Will] is the last will of the testator, … the testator willingly and voluntarily declared, signed, and executed the will in the presence of the witnesses … [and that] the witnesses signed the will upon the request of the testator …."  All of this language in the Self-Proved Will Affidavit clearly shows that the purported Will was intended to be, and was treated as, a separate document.

Furthermore, the Self-Proved Will Affidavit is a separate legal document created pursuant to Tenn. Code Ann. § 32-2-110, not Tenn. Code Ann § 32-1-104, which, as the majority states, governs the execution of non-holographic wills such as the purported

Will. It simply is beyond question that the purported Will is one instrument and the Self-Proved Will Affidavit is an entirely distinct and separate instrument. If in the case now before us the Self-Proved Will Affidavit had instead been a different type of document, for instance a letter, which stated the same substantive information but failed to comply with the requirements of an affidavit, there is little question that this Court would find that the requirements for execution of a will were not satisfied.

It is undisputed that the purported Will and the Self-Proved Will Affidavit are two separate and distinct instruments. It also is undisputed that the Testator's signature appears nowhere on the purported Will.

I, contrary to the majority, believe that our Opinion in *In Re Estate of Stringfield*, 283 S.W.3d 832 (Tenn. Ct. App. 2008) clearly supports the proposition that a testator's signature on an affidavit or any other document separate and apart from a purported will is not a valid signature on the purported will as required by Tenn. Code Ann. § 32-1-104. As does the majority, I continue to "adhere to our holding in *Stringfield* …," but I differ from the majority in that I believe that *Stringfield* does answer the question of whether a testator's signature on an affidavit or any other document separate and apart from a purported will satisfies the statutory requirements pertaining to a testator's signature. The latitude in *Stringfield* as it pertains to a testator's signature concerns only how a testator may sign the will, but *Stringfield* in no way gives any latitude to the statutory requirement that the testator must do exactly that, sign the will itself.

The requirements necessary to have a validly executed will are those created by our General Assembly. Those statutory requirements necessary to have a valid will are based upon policy decisions as determined by our General Assembly. I respectfully suggest that it is not the role of this Court to ignore the long standing statutory requirements as adopted by our General Assembly, which establish the policy of this State with regards to what is necessary for the creation of a valid will. Are those requirements too stringent? Should more leniency or latitude be allowed in the creation of a will than is now provided by statute? While these are valid questions, they are questions to be answered by our General Assembly and not the courts.

For these reasons, I respectfully dissent from the majority's decision. I would affirm the decision of the Trial Court.

_____
D. MICHAEL SWINEY, JUDGE