# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 13, 2024 Session

## ROBERT JOHN COLLINS v. DAVID RAY CONLEY ET AL.

**Appeal from the Chancery Court for Cocke County**
**No. 2023-CV-26     James H. Ripley, Chancellor**

_____

### No. E2024-00149-COA-R3-CV
_____

David Ray Conley and Wade Parks (together, "Appellants") appeal from the order of the Cocke County Chancery Court ("trial court") granting summary judgment to plaintiff Robert John Collins ("Appellee"). The underlying controversy is a will contest surrounding the estate of Sandra Kay Parks ("Decedent"). Appellee, Decedent's only heir-at-law, filed a Petition for Probate Administration asserting that no will of the Decedent had been located. Appellants subsequently sought to probate a document purported to be Decedent's Last Will and Testament. Following cross motions for summary judgment, the trial court concluded that Decedent's proposed will had not been executed with the formalities required by Tennessee Code Annotated section 32-1-104 and granted summary judgment in favor of Appellee. Appellants timely appealed to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

P. Richard Talley, Dandridge, Tennessee, for the appellant, Wade Parks.

William M. Leibrock, Newport, Tennessee, for the appellant, David Ray Conley.

Weston A. Gantte and W. Keith Repass, Dandridge, Tennessee, for the appellee, Robert John Collins.

# OPINION

## Background

Decedent died on October 31, 2022. On November 10, 2022, Appellee, Decedent's nephew and sole heir-at-law, filed a petition to initiate the probate of an intestate estate with the trial court and was issued letters of administration. On December 5, 2022, co-Appellant David Conley filed a petition to probate a document purporting to be Decedent's Last Will and Testament ("the Will").

The document is titled "Last Will and Testament of Sandra Kay Parks" and is initialed by Decedent on each of its four pages. Page one makes specific bequests to Appellee; part of page two makes specific bequests to co-Appellant Wade Parks, Decedent's ex-husband. The rest of page two through page three appoint Mr. Conley as Decedent's executor. Decedent signed the Will at the bottom of page three. The following language appears just above Decedent's signature:

> I have hereunto subscribed my name to this my Last Will and Testament, **consisting of this and preceding typewritten page**, and for the purposes of identification and verification, I have initialed each such page of this documentation in the presence of the person(s) witnessing it at my request on this 7[th] day of March[,] 2022.

(Emphasis added). The fourth and final page of the Will is titled "Affidavit" and contains the following:

> I, the undersigned, being first duly sworn, make the oath that Sandra Kay Parks, on the day and date above written, declared and signified to me that this instrument is her Last Will and Testament; that she then signed said instrument [in] my sight and presence, then subscribed my name hereto as attesting witness….

The signature and address of Harold Holder appear below the statement, followed by the signature of Jamie Jackson, the date, Ms. Jackson's notary stamp, and Ms. Jackson's commission expiration date. Neither the signatures nor initials of Mr. Holder, Ms. Jackson, or any person other than Decedent appear elsewhere in the Will.

On December 28, 2022, the trial court entered an order removing Appellee as administrator and appointing Mr. Conley as executor of Decedent's estate in accordance with Decedent's instructions on pages two and three of the Will. On March 10, 2023, Appellee filed a complaint contesting the Will and naming Mr. Conley and Mr. Parks as defendants. Appellee alleged that the Will was invalid due to improper execution. Specifically, Appellee alleged that the Will failed to meet the requirements of Tennessee

Code Annotated section 32-1-104 because (1) no witness had signed the actual Will, and (2) only one witness had signed page four, which Appellee characterized as a self-proving affidavit.

The trial court certified the will contest in May 2023, and the parties filed competing motions for summary judgment in July. Appellee reiterated the arguments expressed above. Appellants asserted that the Will consists of all four pages and was signed by two witnesses: Mr. Holder and Ms. Jackson, the notary. They argued that Ms. Jackson's status as a notary "does not affect her qualification as a witness" and relied on an additional affidavit produced by Ms. Jackson on December 21, 2022, in which she stated that she and Mr. Holder "subscribed our names to the Will as Notary Public and attested witnesses."

The trial court determined that the Will was not executed with the requisite formalities of section 32-1-104. First, the trial court determined that the Will consisted solely of the pages marked as two and three because the plain language of the text immediately preceding Decedent's signature on page three stated that only that page and the previous page constituted her Will. Because the alleged attesting signature of Mr. Holder was contained in an affidavit on page four, the trial court found that the Will contained no attesting signatures. Alternatively, the trial court determined that even if the affidavit were considered part of the Will, the attestation requirements still had not been met because the statute requires two attesting signatures and only Mr. Holder signed as an attesting witness. The trial court rejected Appellants' argument that Ms. Jackson's notarization could be considered an attesting signature.

The trial court entered its final judgment on December 28, 2023, and Appellants timely appealed.

## Issue

Appellants' overarching issue is whether the trial court erred by holding that Decedent's Will was invalid. Specifically, Appellants argue that the trial court erroneously excluded pages one and four from the Will and incorrectly classified Ms. Jackson as a notary only rather than a second attesting witness. Alternatively, Appellants argue that a genuine issue of material fact exists as to the validity of Decedent's Will, rendering summary judgment inappropriate.

## Standard of Review

This Court's review of a grant for summary judgment is *de novo*, meaning "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Center of Memphis*, *MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (internal citations and quotation marks omitted). Rule 56 requires summary judgment be granted only when "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

**Discussion**

Non-holographic wills, such as the one disputed here, are governed by Tennessee Code Annotated section 32-1-104, which requires, in pertinent part:

> (a) The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
> > (1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:
> > > (A)  The testator sign;
> > > (B)  Acknowledge the testator's signature already made; or
> > > (C)  At the testator's direction and in the testator's presence have someone else sign the testator's name; and
> > > (D)  In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses;
> > (2) The attesting witnesses must sign:
> > > (A)  In the presence of the testator; and
> > > (B)  In the presence of each other.

These statutory formalities are mandatory and thus strictly construed by Tennessee courts. *See, e.g.*, *Fann v. Fann*, 208 S.W.2d 542, 544 (Tenn. 1948) (holding that the will had not been properly executed because attesting witnesses failed to sign in each other's presence); *In re Est. of Stringfield*, 283 S.W.3d 832, 832 (Tenn. Ct. App. 2008) (holding that the will had not been properly executed because attesting witnesses failed to sign, even though witnesses initialed first two pages and submitted subsequent affidavits clarifying their intent); *In re Est. of Wait*, 306 S.W.2d 345, 349 (Tenn. Ct. App. 1957) (holding that the will had not been properly executed because testator did not sign instrument at the same time as, and in the presence of, attesting witnesses). Although courts aim to honor a testator's intent, they may not "categorically dispense with the statutory execution requirements," even when doing so "might appear to be justified" in particular cases. *Ball v. Miller*, 214 S.W.2d 446, 449–50 (Tenn. Ct. App. 1948). The Tennessee Supreme Court has described the dual responsibility thusly: "Courts endeavor to effectuate a testator's intent unless prohibited by a rule of law or public policy, and courts will sustain a will as legally executed if it can be done consistently with statutory requirements. However, courts may not ignore statutory mandates in deference to a testator's intent." *In re Est. of Chastain*, 401 S.W.3d 612, 621 (Tenn. 2012) (internal quotations and citations omitted).

Appellants first take issue with the trial court's determination that Decedent's Will consists only of pages two and three, contending that this decision is "inconsistent with

both the law and common sense" and places "undue emphasis" on Decedent's statement on page three that the Will consists of "this and preceding typewritten page." We respectfully disagree, as we cannot ignore the plain language of the Will. As the trial court stated, "[t]he only possible interpretation of the decedent's statement in this regard is that she considered her will to consist only of her signature page and the preceding typewritten page." Appellants have effectively asked this Court to place Decedent's purported intent above the plain language she chose. Tennessee law does not support such a result. We are bound to follow the Decedent's chosen words and give them their reasonable effect. *Nat'l Bank & Tr. Co. v. Mander*, 253 S.W.2d 994, 997 (Tenn. Ct. App. 1952) ("Under our decisions all parts of the will must be given effect, if possible, as every word used by the testator is presumed to have some meaning, and no word or clause will be rejected to which a reasonable effect can be given."). Here, Decedent clearly and unequivocally stated that her Will consisted only of page three and "preceding typewritten page," and we conclude that the trial court correctly adhered to the plain language of the Will. Given that the Will itself contains no witness signatures, the trial court correctly granted summary judgment in favor of Appellee.[1]

Even if we were to hold that the Will included page four, the affidavit of Mr. Holder, Appellees would still be entitled to summary judgment. The statute requires that the Will contain the signature of two witnesses, and Decedent's Will contains only one, that of Mr. Holder. Appellants argue that Ms. Jackson's notarization serves as the second required signature. They contend that "the inherent job of the notary fulfills the objectives required of an attesting witness," and that "[a]bsent the notary seal, Ms. Jackson's signature is provided in the same format as the other witness." At oral argument, Appellants characterized a notary as a "professional witness" for the purposes of section 32-1-104. We disagree. A notary's job is to verify a signature. *See* 2016 Tennessee Notary Public Handbook. The notary "need not be concerned with the truthfulness of the facts stated by the affiant (other than in regard to the identity of the affiant)." *Id.* Appellants provide no authority for the proposition that a notary's witness of a signature can work "double duty" as an attesting witness for the Will. Further, as the trial court noted, the plain language of Mr. Holder's attestation indicates that it is his attestation and his alone: "*I*, the undersigned…" witnessed Decedent's signature; she signed the document in "*my* sight and presence…"; "…then subscribed *my* name hereto as attesting *witness*…" (emphasis added). Only the phrase "Sworn to and subscribed before me" appears above Ms. Jackson's signature, notary stamp, and commission expiration date. Simply put, nothing in the affidavit indicates that Ms. Jackson served in any role other than a notary.

---

[1] Appellants also assert that this Court should consider that Decedent prepared the Will herself, without the assistance of counsel. However, the statute does not contain separate requirements for wills prepared with or without an attorney, nor are we aware of any case law in which the Court has dispensed with the statutory requirements for a valid will because the will was self-prepared. In response to a similar argument in *Est. of Chastain*, the Tennessee Supreme Court noted that "[these] case[s] illustrate[] the problems that may arise when lay persons, unversed in the statutory requirements for executing a will, use generic forms." 401 S.W.3d at 614, n. 2.

Appellants further argue that the trial court erred by not considering a supplemental affidavit submitted by Ms. Jackson, in which she states that she acted as both a notary charged to verify Mr. Holder's signature and a witness to Decedent's execution of her Will. Appellants assert that the purpose of the affidavit was not to "substitute for the original execution of the Will, but rather to confirm the role that Ms. Jackson played during the Will's signing—a role that had already satisfied the statutory requirements."

A similar argument was made and rejected by this Court in *Est. of Stringfield.* In that case, the decedent's daughter objected to the petition to probate her mother's will due to failure to comply with attestation as required by section 32-1-104. 283 S.W.3d at 833. Two witnesses initialed the first two pages of the purported will and had their names typed on the third and final page, but they failed to actually sign the document. *Id.* Both witnesses later provided "Affidavits of Witnesses to Prove Will of Testatrix," pursuant to section 32-2-110. *Id.* Section 32-2-110 allows "[a]ny or all of the attesting witnesses" to "make and sign an affidavit … stating the facts to which they would be required to testify in court to prove the will…." However, this Court held that:

> Supplying an affidavit of attesting witnesses pursuant to Tenn. Code. Ann. § 32-2-110 does not operate either to negate or satisfy the requirements of Tenn. Code Ann. § 32-1-104. If we were to hold as [the proponent of the will] suggests, we would, in essence, be re-writing the statute and making what was once mandatory now permissive.

*Id.* at 837.

As in *Est. of Stringfield*, the case at bar concerns an issue of improper attestation. Like the will proponent in *Est. of Stringfield*, Appellants ask us to deem the requirements of section 32-1-104 satisfied based on the content of a supplemental affidavit. We agree with the trial court that the affidavit seeks to cure the deficiencies of the Will in clear contradiction with the holding of *Est. of Stringfield*. *See also In re Est. of Morris*, No. M2014-00874-COA-R3-CV, 2015 WL 557970 (Tenn. Ct. App. Feb. 9, 2015), *perm. app. denied* (Tenn. June 15, 2015) (holding that a supplemental affidavit executed under section 32-2-110 is "separate and distinct from [s]ection 32-1-104. While the witness signatures required by 32-1-104 are mandatory for proper execution, the affidavit contemplated by 32-2-110 is permissive, and serves a separate function distinct from execution.").

Finally, Appellants argue in the alternative that a genuine issue of material fact remains regarding the validity of Decedent's Will. However, Appellants fail to identify any such issues and instead reiterate the legal arguments discussed above. As the trial court stated, "[t]here is full agreement between the parties that the 'will' attached to each of their respective motions as Exhibit 1 is the same document, and there is no dispute as to the content of the document." Whether the document comports with the requirements of section 32-1-104, including the validity of witness attestation, is strictly a question of law.

*See Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989) ("The construction of a will is a question of law for the court and will construction cases are uniquely suited to the summary judgment procedure because they generally involve legal issues only."); *see also Est. of Stringfield*, 283 S.W.3d at 834 (holding that an attestation issue "involves statutory interpretation and presents a question of law").  This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the Chancery Court for Cocke County is affirmed.  Costs of this appeal are taxed to the Appellants, David Ray Conley and Wade Parks, for which execution may issue, if necessary.


_____
KRISTI M. DAVIS, JUDGE