FILED

12/08/2025

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2025

IN RE ESTATE OF RICHARD DOUGLAS ROBERSON

**Appeal from the Chancery Court for Hamilton County**
**No. 22-0575          Jeffrey M. Atherton, Chancellor**
_____

**No. E2023-01465-COA-R3-CV**
_____

This is a declaratory judgment action in which the plaintiff sought to determine whether the defendant was an heir to the estate. The trial court determined that the defendant was not an heir and divided the estate accordingly amongst the legal heirs. We now affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and KENNY ARMSTRONG, J., joined.

Tracy Allen Pell a/k/a Tracy Allen Roberson, Clifton, Tennessee, pro se appellant.

Michael Augustine Wagner, Chattanooga, Tennessee, for the appellee, Deborah R. Johnson, as administrator of the Estate of Richard Douglas Roberson.

**OPINION**

**I.      BACKGROUND**

Richard Douglas Roberson ("Decedent") passed away on August 20, 2021, in Hamilton County at the age of 85. Decedent had two children, Deborah R. Johnson ("Plaintiff") and Randall Roberson, who passed away in August 1973. Randall Roberson was the legal father of two children, Bobby and Jeffrey Roberson. Upon Decedent's death, Plaintiff was appointed as the administrator of the Estate of Richard Douglas Roberson ("Estate") pursuant to the Letters of Administration entered in the Chancery Court of Hamilton County.

Shortly thereafter, Tracy Allen Pell a/k/a Tracy Allen Roberson ("Defendant"), who resides in Northeastern Correctional Complex in Clifton, Tennessee, contacted counsel for the estate and advised that he was an heir to the estate as a child of Randall Roberson. Notably, Defendant was mentioned in Decedent's obituary as follows: "Decedent is survived by . . . grandchildren, Bobby Roberson[,] Jeff Roberson[,] Tracy Roberson[,] and Saderia Johnson[.]"

On August 10, 2022, Plaintiff initiated this declaratory judgment action to determine whether Defendant was or was not the son of Randall Roberson and to declare what interest, if any, Defendant had in the Estate. The case proceeded to a hearing, at which Bobby and Jeff Roberson denied that Defendant was their brother.

Defendant, who was born on April 1, 1972, approximately 16 months prior to Randall Roberson's death in August 1973, presented numerous documents establishing his relationship to the Roberson family. Of note, Defendant was adopted on May 5, 1983, and had his name legally changed from Tracy Allen Roberson to Tracy Allen Pell in recognition of his adoptive father, James Albert Pell, Jr. Likewise, Decedent regularly acknowledged Defendant as his "grandson" in court proceedings relating to the adoption in 1983 and other criminal matters that occurred much later. However, the record was devoid of any evidence establishing Defendant's legal relationship with his purported father, Randall Roberson. Defendant presented two copies of his birth certificate with his name listed as "Tracey Allen Schwiger" with "Schwiger" marked out and "Roberson" penciled in. A father was not listed on the first birth certificate, and James Albert Pell, Jr. was listed as the father on the second birth certificate.

In consideration of the foregoing, the trial court found that Defendant had not carried his burden of proof to establish the required relationship of parent and child between himself and Randall Roberson. The court held that half of the estate would be distributed to Plaintiff as Decedent's daughter and that the remainder of the estate would be divided equally between Bobby and Jeff Roberson, as the established legal heirs of Decedent's son, Randall Roberson. This appeal followed.

## II. ISSUE

We consolidate and restate the sole determinative issue on appeal as follows: Whether the trial court erred in its determination that Tracy Allen Roberson was not an heir of the Estate of Richard Douglas Roberson.

## III. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Statutory interpretation presents a question of law which we review de novo, according no deference to the legal conclusions made by the trial court. *In re Estate of Stringfield*, 283 S.W.3d 832, 834 (Tenn. Ct. App. 2008).

## IV. DISCUSSION

As a threshold matter, Plaintiff requests dismissal of the appeal as a result of Defendant's failure to cite to the record in his brief as required by the Tennessee Rules of Appellate Procedure. We begin by acknowledging Defendant's status as a pro se litigant. It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). The issue presented before this court is dependent upon the trial court's statutory interpretation of the applicable statutes and the proof presented in the relatively short hearing. Accordingly, in spite of the deficiency in the brief, we exercise our "discretion to suspend or relax some of the rules for good cause" in order to consider the merits of this appeal. *Paehler v. Union Planters Nat. Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997).

The record established that Defendant was born in 1972, that Randall Roberson passed away in 1973, and that Defendant was adopted in 1983 by Mr. Pell. Defendant's adoption would ordinarily pretermit any inheritance through a potential biological father. *See* Tenn. Code Ann. § 36-1-121(e) ("An adopted child shall not inherit real or personal property from a biological parent or relative thereof when the relationship between them has been terminated by final order of adoption."). However, an adopted child is permitted to inherit through his or her biological parent if such parent "dies without the relationship of parent and child having been previously terminated and any other person thereafter adopts the child." Tenn. Code Ann. § 36-1-121(e). Such relationship between the biological parent and child must be established pursuant to Tennessee Code Annotated section 31-2-105, which provides that a person is the biological child of a father if:

(A)   The natural parents participated in a marriage ceremony before or after the birth of the child, even though the attempted marriage is void; or

(B)(i) The paternity is established by adjudication before the death of the father or is established thereafter by clear and convincing proof, but only if an assertion of paternity is made that seeks the adjudication within the earlier of:

(a) The period prescribed in the notice published or posted in accordance with § 30-2-306; or

(b) One (1) year after the father's death[.]

Defendant acknowledged that his mother and Randall Roberson never participated in a marriage ceremony in accordance with Section 31-2-105(A). Defendant also never timely filed a paternity action to establish his paternal relationship with Randall Roberson, who died in 1973, in accordance with Section 31-2-105(B). Accordingly, the trial court held, and we now affirm, that Defendant failed to establish the required paternal relationship between himself and Randall Roberson. We likewise affirm the trial court's division of the estate between the established legal heirs.

## V.   CONCLUSION

For the reasons stated above, we affirm the holding of the trial court and remand for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Tracy Allen Pell a/k/a Tracy Allen Roberson.

_____
JOHN W. MCCLARTY, JUDGE